# In the United States Court of Federal Claims

| | |
|---|---|
| JOSEPH P. TATE, SOLE , PROPRIETORSHIP, | No. 04-1265C |
| Plaintiff, | |
| v. | Filed March 1, 2005 |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

ORDER

On February 22, 2005, the parties filed a joint motion for a stay of proceedings in this case. The parties requested that the Court stay further proceedings in this matter while certain related cases remain in the court's Alternative Dispute Resolution ("ADR") pilot program.

The parties reported that this case is one of 51 related suits filed in the Court of Federal Claims since August 6, 2004. Seventeen of the judges of the court have been assigned one or more of these cases. Eight of the cases have been referred to Judge Horn for ADR.[1] The parties in the 51 cases are represented by the same counsel, and the factual allegations and legal issues involved in the cases are similar.

Pursuant to Second Amended General Order No. 40, the parties are required to meet several filing deadlines in the ADR proceedings in an effort to explore a possible amicable resolution of the claims involved in the proceedings. As part of the effort, the parties are also exchanging documents and information relating to those claims. The parties have represented

[1] These cases are: *Grass Valley Investment Group I v. United States*, No. 04-1284C (Fed. Cl.); *Diamond Springs Investment Group II v. United States*, No. 04-1302 (Fed. Cl.); *Weaverville Investment Group I v. United States*, No. 04-1320C (Fed. Cl.); *Hollister Investment Group II v. United States*, No. 04-1297C (Fed. Cl.); *Ramona Investment Group II v. United States*, No. 04-1259C (Fed. Cl.); *Pixley Investment Group v. United States*, No. 04-1315C (Fed. Cl.); *Brawley I Investment Group v. United States*, No. 04-1287 (Fed. Cl.); and *Brawley II Investment Group v. United States*, No. 04-1305C (Fed. Cl.).

that it would be inefficient and burdensome to conduct ADR with respect to some of the cases and litigate the remainder of the cases; a stay of this and other related cases pending the conclusion of ADR proceedings would avoid potentially duplicative and unnecessary filings, promote efficiency, and conserve resources.

In consideration of the above, the parties' joint motion is GRANTED. The Court ORDERS that this case shall be stayed until 14 days after the conclusion of ADR proceedings before Judge Horn. The Court FURTHER ORDERS that the parties shall file by **April 1, 2005**, and every 30 days thereafter, a joint status report apprising the Court of the status of the ADR proceedings. The Court FURTHER ORDERS that 14 days after the conclusion of the ADR proceedings, the parties shall file a joint status report recommending a schedule of further proceedings in this case.

IT IS SO ORDERED.

/s George W. Miller
GEORGE W. MILLER
Judge